UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES LESTER WILLIAMS, JR.,

    Plaintiff,

v.                                    CASE NO. 8:20-cv-2842-WFJ-SPF

POLK COUNTY BOARD OF
COUNTY COMMISSIONERS,

    Defendant.
_____/

## ORDER

Before the Court is Defendant's motion to dismiss the complaint (Dkt. 9) and Plaintiff's response (Dkt. 13). After careful review of the allegations of the complaint (Dkt. 1), the Court grants the motion with leave for Plaintiff to file an amended complaint.

## BACKGROUND

Plaintiff sues his former employer for discrimination, retaliation, and a hostile work environment, all based on race, age, or disability. Plaintiff is an African American male who is 44 years old.[1] Dkt. 1 ¶ 4. In October 2016, Polk County Veterans Services hired Plaintiff as a Veteran Services Officer. Dkt. 1 ¶ 18. In June 2019, Plaintiff interviewed and was selected for the position of

---

[1] The complaint does not articulate any disability.

Veteran Services Supervisor.  Dkt. 1 ¶¶ 20, 22.  On December 13, 2019, Defendant terminated Plaintiff "for cause due to the Plaintiff's performance improvement regarding team interaction and development was not demonstrated during the probationary period."  Dkt. 1 ¶¶ 6, 7.

The complaint sets forth 105 paragraphs under the heading of "Statement of Facts."  Dkt. 1 at 1–24.  Immediately following these numbered paragraphs, Plaintiff alleges five counts, each count realleging and incorporating all of the preceding paragraphs in the complaint.  Dkt. 1 at 24–27.  Each of the five counts contains only one short paragraph.  Counts I and III seek redress for race-based employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII").  Count II alleges age-based employment discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*. ("ADEA").  Count IV claims disability discrimination under the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq*. for failure to provide reasonable accommodation.  Count V asserts a hostile work environment was created in violation of "Title VII, Rehab Act, and the ADEA."  Dkt. 1 at 24–26.

Defendant seeks to dismiss the complaint for failure to state a "short and plain" statement of his claims, separated into individual counts as required by Rules 8(a)(2) and 10(b), Fed. R. Civ. P.  Dkt. 9 at 2, 4.  Defendant argues that each

of the five counts fails to set forth a *prima facie* case. Dkt. 9 at 7–14. For the following reasons, Plaintiff's complaint requires repleading.

## DISCUSSION

**Format of the Pleading**

Viewing the allegations of the *pro se* complaint liberally,[2] as it must, the Court finds the complaint is a "quintessential shotgun pleading" that has been condemned on numerous occasions by the Eleventh Circuit. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 n.54 (11th Cir. 2008) (collecting cases), *abrogated on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. v. Twombly*, 550 U.S. 544 (2007).[3] Each of the five counts incorporates by reference all of the preceding paragraphs of the entire complaint. This wholesale incorporation leads to a situation where all the counts contain the same 24 pages of factual allegations, some of which are irrelevant to the legal basis of any one particular count. *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001).[4] Most importantly, it makes it almost impossible for the Defendant to know

---

[2] *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (holding less stringent standards apply to *pro se* pleadings but cautioning courts not to rewrite an otherwise deficient pleading to permit action to stand).
[3] S*ee also Weiland v. Palm Bch. Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–22 (11th Cir. 2015) (recounting the Eleventh Circuit's history dealing with shotgun pleadings and grouping such pleadings into four categories).
[4] As noted in *Magluta*:
> Each count incorporates by reference the allegations made in a section entitled "General Factual Allegations"—which comprises 146 numbered paragraphs— while also incorporating the allegations of any count or counts that precede it. The

which allegations of fact are intended to support which claim. *Weiland v. Palm Bch. Cnty. Sheriff's Off.*, 792 F.3d 1313, 1325 (11th Cir. 2015). For this reason alone, the complaint must be dismissed and repleaded.

Plaintiff must separate each cause of action or claim into different counts with numbered paragraphs. Each count must identity which of the "common" preceding allegations are relevant to the particular claim asserted in that count by way of explicit incorporation of specifically numbered paragraphs. *See Gregory v. City of Tarpon Springs*, No. 8:16-cv-237-VMC-AEP, 2016 WL 2961558, at *3 (M.D. Fla. May 23, 2016). Plaintiff must connect factual allegations with each legal claim, allege the facts supporting each element of each legal claim, and describe how the Defendant was involved in the alleged discriminatory or retaliatory conduct. Plaintiff's claims should be presented clearly and succinctly so that Defendant can ascertain what Plaintiff is pleading and can form a response. *See Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996).

**Claims for Relief**

The Court applies the *Twombly-Iqbal* standard, accepting all of the complaint's factual allegations, not legal conclusions, as true and construing all

---

result is that each count is replete with factual allegations that could not possibly be material to that specific count, and that any allegations that are material are buried beneath innumerable pages of rambling irrelevancies.

*Id.* at 1284.

reasonable inferences from those alleged facts in the light most favorable to Plaintiff.[5] To survive a motion to dismiss filed pursuant to Rule 12(b)(6), Fed. R. Civ. P., the complaint must contain sufficient facts to state a claim for relief that is "plausible on its face." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Rule 8 does not require detailed allegations, but the complaint must offer more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 557 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Count I – Title VII discrimination*

In Count I, Plaintiff alleges in conclusory terms that all of the conduct alleged in the complaint constitutes racial discrimination violative of Title VII. Dkt. 1 at 24. Plaintiff claims Defendant's reasons and conduct were pretext "to hide discriminatory animus." *Id*. This is the entirety of Count I.

To establish a *prima facie* case of disparate treatment under Title VII, Plaintiff must show he was a qualified member of a protected class (race), he was subjected to adverse employment action (termination), and his employer treated similarly situated employees outside the protected class (race) more favorably. *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008). Liability in a disparate

---

[5] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (requiring complaint be "plausible on its face"); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (allowing reasonable inferences to be drawn from factual content); *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (stating legal conclusions "couched" as facts need not be accepted as true); *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003) (same).

treatment claim "depends on whether the protected trait actually motivated the employer's decision." *Young v. United Parcel Serv., Inc.*, 135 S. Ct. 1338, 1345 (2015) (quoting *Raytheon v. Hernandez*, 540 U.S. 44, 53 (2003)). Plaintiff must therefore allege enough facts to suggest that Plaintiff's race, African American, "actually motivated" Defendant to terminate Plaintiff.

Plaintiff alleges he was terminated for cause by Director of Health and Human Services Marcia Andresen (Caucasian) and the Director of Human Resources.[6] Dkt. 1 ¶¶ 9, 13. The complaint never identifies the Director of Human Resources, nor is that person alleged to have been involved in Plaintiff's case.[7]

Plaintiff alleges his termination became final after he met with the "pre-disciplinary board" and "an appeals board." Dkt. 1 ¶ 10. Ms. Andresen served as the human resources department's "Pre-Disciplinary Board Chairperson." Dkt. 1 ¶¶ 88, 89. Plaintiff alleges the appeals board panel consisted of four Caucasians. Dkt. 1 ¶ 99. As noted by Defendant, the race of the individual members of a panel does not show their decision to affirm Plaintiff's termination was motivated by race.

---

[6] Defendant terminated him "for cause due to the Plaintiff's performance improvement regarding team interaction and development was not demonstrated during the probationary period." Dkt. 1 ¶¶ 6, 7.
[7] Plaintiff alleges he discussed his case with Employee Relations Manager Alejandro Velazquez of the human resources department. Dkt. 1 ¶¶ 75–82.

Plaintiff fails to allege race was ever discussed with Ms. Andresen or anyone in the human resources department. He alleges that he discussed with Ms. Andresen the refusal of subordinate Veteran Services Officer Joseph Lesniewicz (Caucasian) and co-worker Timothy Kirkhart (Caucasian) to follow Plaintiff's directives about tardiness, poor performance, and inappropriate behavior. Dkt. 1 ¶¶ 23, 24, 40, 53, 54. He asserts Ms. Andresen listened but told him to leave Mr. Lesniewicz and Mr. Kirkhart alone. Dkt. 1 ¶¶ 25, 40. Plaintiff alleges he "finally approached the Director with a stronger stance" and wrote to her for the first time that "moving forward, despite the Director's demands, the Plaintiff will be writing up both Mr. Joseph Lesniewicz and Mr. Timothy Kirkhart for any further infractions." Dkt. 1 ¶¶ 52, 54. One week later on October 16, 2019, Plaintiff received his first negative work performance evaluation from Ms. Andresen. Dkt. 1 ¶ 56.[8] Two months later he was terminated. Dkt. 1 ¶ 6.

None of these allegations, however, suggest a racial animus motivated Ms. Andresen to terminate Plaintiff. The only discussions alleged to have involved race occurred between Plaintiff and co-worker Harry Clark (African American). Dkt. 1 ¶¶ 46, 47, 48. Plaintiff claims Mr. Clark told him that Mr. Lesniewicz and Mr. Kirkhart "approached him [Mr. Clark] about getting rid of Plaintiff so that Mr.

---

[8] Six months after Plaintiff's termination, Defendant promoted Mr. Lesniewicz to Plaintiff's position as supervisor. Dkt. 1 ¶ 51.

Joseph Lesniewicz can be the Supervisor, but now needed a black person to complain also to conceal it from looking discriminatory." Dkt. 1 ¶ 46. Mr. Clark allegedly told Plaintiff his reason for telling Plaintiff was that "it was not right that they are using him (an African American male), to take down another African American." Dkt. 1 ¶ 48. More is necessary because Lesniewicz and Kirkhart did not make the decision to terminate Plaintiff.

Plaintiff may replead Count I to set forth enough facts to suggest his termination was motivated by discriminatory racial animus. In doing so, Plaintiff should also clearly state what statements or actions are attributable to which people.

### Count II – Age-based Discrimination

To state a *prima facie* case of age discrimination under the ADEA, Plaintiff must allege: "(1) he was a member of the protected group between the age of 40 and 70; (2) he was subject to adverse employment action; (3) a substantially younger person filled the position from he was discharged; and (4) he was qualified to do the job." *Cooper v. Ga. Dep't of Transp.*, 837 F. App'x 657, 670 (11th Cir. 2020) (citing *Liebman v. Metro. Life Ins. Co.*, 808 F.3d 1294, 1298 (11th Cir. 2015)). Plaintiff fails to allege Mr. Lesniewicz' age or that he was substantially younger than Plaintiff. The complaint admits, however, that Defendant hired Plaintiff as a Veteran Services Officer and promoted him to

Veteran Services Supervisor, despite his age. Dkt. 1 ¶¶ 4, 18, 20, 22. If Plaintiff choses to replead Count II, he must allege facts to show age-based discrimination.

### Count III – Title VII Retaliation

To establish a *prima facie* case of retaliation, Plaintiff must show 1) that he engaged in protected activity, 2) that he suffered an adverse employment action, and 3) that the adverse employment action was causally related to Plaintiff's protected activity. *Wideman v. Wal-Mart Stores, Inc.*, 141 F.3d 1453, 1454 (11th Cir. 1998). Plaintiff fails to allege that he engaged in a statutorily protected activity. As noted earlier, none of the allegations show that he ever discussed race with Ms. Andresen. The complaint does not state facts demonstrating Plaintiff would not have been terminated but for his protected activity. *See Cooper*, 837 F. App'x at 699 (11th Cir. 2020) (noting causation in retaliation claims is established by showing the protected activity was the "but-for" cause of the adverse action and citing *Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 924 (11th Cir. 2018)).

Should Plaintiff replead Count III, he must identify the protected activity and allege his protected activity was more than a "motivating factor" for his termination. *See Univ. of Tex. Southwestern Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013).

### Count IV – Disability Discrimination

9

Plaintiff fails to allege that he suffered a disability covered under the Rehabilitation Act or that Defendant knew of and failed to accommodate any disability.  The complaint alleges, for the first time under Count IV, that he was discriminated against because Defendant denied him "reasonable accommodation for his disabilities, including occupational stress."  Dkt. 1 at 25.  Without more, Count IV fails to state a claim.  If Plaintiff choses to replead, he must identify his disability as one covered under the Rehabilitation Act and allege Defendant knew of his disability and refused his request to grant him a reasonable accommodation.

*Count V – Hostile Work Environment Harassment*

Count V seeks relief for a hostile and abusive work environment under Title VII, the Rehabilitation Act, and the ADEA.  Because each of the respective statutes provides a private right of action, they must be separated into three separate counts.  Even if they were separated, Plaintiff fails to plead sufficient facts to establish sufficiently severe and pervasive harassment, countenanced by management, to alter the terms and conditions of his employment. *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1292 (11th Cir. 2012) (enumerating the five elements of a *prima facie* case for hostile work environment); *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1276 (11th Cir. 2002) (enumerating factors to be evaluated objectively in determining whether conduct constitutes harassment).  Taking all of the facts alleged in the complaint together—including the allegation

that Mr. Lesniewicz and Mr. Kirkhart told Plaintiff "the only reason why you are in charge and working here is because we allow you to"— none implicate Plaintiff's race, age, or alleged disability.  Dkt. 1 ¶¶ 28, 41.  Count V is dismissed with leave to amend.[9]

As a final note, to the extent Plaintiff may be asserting violations of due process, as opposed to employment discrimination claims, Plaintiff must state those claims in separate counts.  See Dkt. 9 at 4.

Accordingly, the motion to dismiss (Dkt. 9) is granted.  Plaintiff shall file an amended complaint consistent with this order within fourteen (14) days or this case will be dismissed.

**DONE AND ORDERED** at Tampa, Florida on March 19, 2021.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
Counsel of record and unrepresented parties

---

[9] The elements of a hostile work environment claim include 1) the plaintiff belongs to a protected group, 2) the plaintiff was subjected to unwelcome harassment, 3) the harassment was so severe or pervasive as to alter the terms and conditions of employment and create a hostile environment, and 5) the employer is responsible for the environment either vicariously or directly.  Jones, 683 F.3d at 1292 (citation omitted).