# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JAMES LESTER WILLIAMS, JR.,

    Plaintiff,

v.     Case No. 20-cv-2842-WFJ-SPF

POLK COUNTY BOARD OF COUNTY
COMMISSIONERS,

    Defendant.

_____/

## ORDER

Before the Court is Plaintiff's Motion to Alter or Amend the order granting summary judgment. Dkt. 49. After careful consideration of Plaintiff's submissions and the applicable law, the Court concludes the motion is due to be denied.[1]

## LEGAL STANDARD

Plaintiff cites both Federal Rules of Civil Procedure 59 and 60. Rule 60 provides grounds for relief from a final judgment or order including "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(a)." Fed. R. Civ. P.

---

[1] The Court finds a response unnecessary.

60(b)(2). Rule 59 permits a party to file a motion "to alter or amend a judgment" within 28 days after the judgment. Fed. R. Civ. P. 59(e).

Although not labeled as such, the motion seeks reconsideration of the order granting summary judgment. Reconsideration may be brought under Rule 59(e) or Rule 60(b), usually depending on the timeliness of the motion. Rule 60(b) motions must be justified on one of three grounds: (1) an intervening change in the law; (2) newly discovered evidence; and (3) the need to correct clear error or manifest injustice. *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 295, 295 (M.D. Fla. 1993). A timely Rule 59(e) motion must be based on either "newly-discovered evidence or manifest error of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (citation omitted). A motion for reconsideration is not an opportunity to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005) (citation omitted).

## DISCUSSION

Plaintiff submits four witness statements as newly discovered evidence. Dkt. 48. "Evidence which was available to a party during the pendency of a motion for summary judgment may not later be introduced on a motion to reconsider." *Sussman v. Salem, Saxon, Nielsen, P.A.*, 153 F.R.D. 698, 695 (M.D.

2

Fla. 1994) (citation omitted).  As set forth below, the Court finds that all four statements constitute materials that could have been introduced long before now.

Mr. Cedric Cox's affidavit concerns the alleged plot to oust Plaintiff.  Dkt. 48-1.  Mr. Cox testified at the appeals hearing about the plot.  Mr. Cox could have expanded his testimony at the time of hearing, and, most importantly, this affidavit could have been submitted long before summary judgment was granted.

Ms. Julie-Ann Seay's statement is unsworn and not signed under penalty of perjury.  Dkt. 48-2.  Her brief writing references that Plaintiff attempted to build camaraderie with his staff.  She speaks to how well-liked Plaintiff was among his clients.  Not only is the substance of her statement unpersuasive in convincing this Court to reconsider its prior order, but an affidavit of Ms. Seay could have been submitted for consideration on summary judgment.  In any event, the Court may not consider as evidence on summary judgment any statements not sworn or signed under penalty of perjury.  *Carr v. Tatangelo*, 338 F.3d 1259, 1273 n.26 (11th Cir. 2003); 28 U.S.C. § 1746.

Plaintiff provides the affidavit of Melissa Green.  Dkt. 48-3.  Ms. Green claims she witnessed a conversation between Mr. Lesniewicz and a "tall lady with blondish/brown hair in business professional attire."  Ms. Green asserts she happened to be sitting in the parking lot waiting to go to lunch with Plaintiff when she overheard the exchange.  Ms. Green states she heard Lesniewicz call the

3

woman "boss." The details of the conversation she overheard indicate that Lesniewicz and the woman both wanted Plaintiff terminated. Ms. Green recalls hearing racially discriminatory comments. This evidence could have been considered by the Court on summary judgment had it been submitted in the ample amount of time given to file supplements to the submissions. Even if the contents of the affidavit were true, these alleged facts were not presented at the appeals hearing, and they do not warrant a finding of clear error or manifest injustice.

The last affidavit is Plaintiff's. Dkt. 48-4. Plaintiff may not now change or add to his prior testimony to fill in any holes in his case revealed by the Court's order granting summary judgment.

Accordingly, Plaintiff's motion (Dkt. 49) is denied.

**DONE AND ORDERED** at Tampa, Florida, on December 20, 2022.

                                                            WILLIAM F. JUNG
                                                            UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO**:
Counsel of Record